OPINION OF THE COURT
William P. Polito, J.
The petitioner’s application for Medicaid planning transfer of assets is granted with such transfer retroactive to the date of this application. The request for attorney’s fees is granted to the extent hereinafter stated.
Rationale and Law:
The parties do not dispute that this application for Medicaid planning meets the several requirements of Mental Hygiene Law § 81.21, or that retroactive effect may be given to the date of application. (Matter of Heller [Ratner], NYLJ, July 28, 1995, at 24, col 5 [Sup Ct, Kings County].)
However, the County disputes the request of petitioner to make the transfer retroactive to December 2004, at which time the alleged incapacitated person (AIP) was transferred to a facility eligible for Medicaid funding. The petitioner failed to make a timely transfer or request at that time either under her power of attorney, or her guardianship authority. The reason submitted was that she was not timely in her accounting and could not reflect the AIP’s financial situation. The proper accounting and filing did not occur until June 28, 2005.
Since the court does not have authority to grant an application to a competent person to make a desired gift retroactive by several months to avoid the Medicaid consequences, neither does it have the authority to grant the same relief to a guardian for the benefit of her incompetent. The premise behind Mental Hygiene Law § 81.21 in approving Medicaid transfers was to give the guardian the same rights that the incompetent would have had if not incompetent, but no greater.
The court’s language in Matter of Lauda (NYLJ, July 2, 1996, at 31, col 2 [Sup Ct, Nassau County]), in denying the government’s request for enhanced benefits not specified in the statute (viz., imposing an explicit Department of Social Services lien upon any future transfer), would apply equally to enhanced benefits sought by the guardian which were not in the statute.
“Again, going back to the noted underlying rationale for permitting Medicaid planning in the first place, we do not believe greater restrictions should be placed on an incapacitated person than are placed *562 on a competent person, except to the extent required by the farmer’s incapacity (see, p 5, supra; see also, NY Law Rev Comm Comments to MHL § 81.03). The fact Court approval may be necessary for these transfers does not mean the Court should go beyond the authority granted under the Mental Hygiene Law.” (Lauda, supra at 31, col 3.)
As authority for its nunc pro tune request, the petitioner has cited cases where the court has ratified nunc pro tune to the date where the prior transfer of assets has actually occurred (Lauda), or to a date three months prior to a joint transfer of assets where there is a joint Medicaid application and a Medicaid statute specifically directing such three months’ retroactive application (Morenz v Wilson-Coker, 415 F3d 230 [2d Cir 2005]).
While the court does not disagree with those decisions, neither of those situations exist here. No case has been submitted authorizing a retroactive application where the guardian simply failed to make a timely transfer of assets or seek court approval. The statute does not authorize such retroactive application.
Attorney’s Fees
Facts and Rationale:
The application for attorney’s fees is granted with the amount and hourly rate subject to further affidavit submissions.